IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRISBIN SKILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-cv-024-WHA |
| | ) | |
| MICHAEL J. BELLAMY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 18, filed June 15, 2011). Pending before the Court is Defendant's *Motion to Dismiss* (Doc. 9, filed 04/05/12). For good cause, the Magistrate Judge recommends that the Court GRANT the motion to dismiss.

## I. BACKGROUND

On January 9, 2012, *pro se* plaintiff Brisbin Skiles ("Skiles"), filed this action pursuant to 42 U.S.C. § 1983, challenging the actions taken against him by District Court Judge Michael J. Bellamy in Russell County, Phenix City, Alabama. Skiles alleges that Judge Bellamy violated the protections guaranteed to him by the First, Fifth, Eight, Ninth, and Fourteenth Amendments of the Federal Constitution. (Doc. 1, at 1). He further alleges that Judge Bellamy discriminated against Skiles, deprived him of property without due process, acted as the attorney for an opposing party in a civil case properly before Judge

Bellamy, and went outside of his jurisdiction by not recusing himself and awarding custody of his children to opposing party. *Id*. at 1-3. Finally, Skiles complains that Judge Bellamy attempted to influence Skiles' counsel to cease representation, deprived him of his property, namely a 1969 Plymouth Fury as well as real property, and that he improperly contacted a judge in Florida regarding the opposing parties pending criminal case in that jurisdiction. *Id*.

## II. STANDARD OF REVIEW

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*, at 327. *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th

---

[1] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

Cir. June 16, 1981).[2]  Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits
> without giving notice to the parties.  *See Jefferson v. Fourteenth Assocs.*,695
> F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable
> merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is
> frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit]
> also ha[s] held that "[a] district court may conclude a case has little or no
> chance of success and dismiss the complaint before service of process when
> it determines from the face of the complaint that the factual allegations
> are'clearly baseless' or that the legal theories are 'indisputably meritless.'"
> *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

## III. DISCUSSION AND ANALYSIS

Regardless of how Skiles frames the issues or who he sues, it is clear that he is complaining about a ruling in his divorce proceedings in Russell County, Alabama.  This court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Fla Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Ct of Appeals v. Feldman*, 460 U.S. 462 (1983).  It is, therefore, clear that an action filed pursuant to 42 U.S.C. § 1983 may not be used to compel a state court to take a particular course of action.  *Cf. Datz*, *supra*.  Likewise, a 42 U.S.C. § 1983 action cannot operate as a substitute to appeal a state court decision.  *Id.*, at 254 (a §

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).   For these same reasons, any claims Skiles may have against Judge Bellamy are frivolous and based on an indisputably meritless legal theory.   In light of the foregoing, dismissal of the plaintiff's claims arising from actions of the state court is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).   *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990).

To the extent that the complaint can be liberally construed as naming Judge Bellamy as a defendant for actions taken while acting in his judicial capacity, he is entitled to absolute immunity.   "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all justification,'"   *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).   *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).   "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constitutes a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.   *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir.

4

2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Any claims Skiles alleges against defendant Bellamy clearly implicate acts taken in Judge Bellamy's judicial capacity for which he is entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of Skiles' claims, the path for challenging rulings or official court actions is an appeal to an appropriate court. The law does not subject a court or a judge to suit by unsuccessful litigants. Thus, Skiles' dispute with the rulings of defendant Bellamy in his civil case in state district court does not state a cognizable federal claim. His sole remedy for his dissatisfaction with rulings in that case is to seek further relief by timely and properly pursuing an appeal of the ruling to the appropriate court. It is well-settled law that "[s]ection 6-6-350, Ala.Code 1975, [] governs appeals from a district court to the circuit court" which provides:

> Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts . . . ."

*Birmingham Realty Co., v. MPQ, Inc*., 78 So.3d 391 (Ala. 2011). Additionally, "an appeal from district court to circuit court results in an trial de novo." *Franklin v. Woodmere at the Lake*, 2011 WL 5009783, at *2 (Ala.Civ.App 2011) (citing § 12-12-71 Ala.Code 1975 ("Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.")). The Alabama Court of Civil Appeals further clarified:

Section 12-12-71, Ala.Code 1975, provides that, with certain exceptions that are not applicable in this case, 'all appeals from final judgments of the district court shall be to the circuit court for tiral de novo.' 'Alabama cases have consistently held that a trial de novo means an entirely new trial, as if no trial had ever been had, and just as if it had originated in the circuit court.' *Cloverleaf Land Co. v. State*, 276 Ala. 443, 163 So.2d 602 (1964). *See also State v. Reynolds*, 887 So.2d 848, 853 (Ala. 2004) (quoting *Ex parted Palughi*, 494 So.2d 404, 408 (Ala. 1986). 'A trial de novo . . . means trying anew the matters invovled in the original hearing as if they had not been heard before and as if no decision had been previously entered.' *Neal v. First Alabama Bank of Huntsville, N.A.*, 440 So.2d 1111, 1112 (Ala.Civ.App. 1983) (quoting *Rudolph v. State*, 286 Ala. 189, 190, 238 So.2d 542, 543 (1970)).

*Franklin*, 2011 WL 5009783, at *2. (citing *Petersen v. Woodland Homes of Huntsville, Inc.*, 959 So.2d 135, 139 (Ala.Civ.App. 2006). Additionally, "[b]ecause the circuit court tries de novo the case appealed from the district court's judgment, the district court's judgment is not a final judgment for purposes of res judicata." *Id*. It is clear that Skiles cannot use the Federal Courts a back door to an appeal nor can he cure this pleading defect, any  claims against defendant Judge Bellamy must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims rest on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

It is clear to the Court that Skiles truly believes that he was wronged and questions the actions of Judge Bellamy, which is his right to do.  The crucial aspect Skiles fails to understand is that at all times Judge Bellamy, rightly or wrongly, was acting in his judicial capacity as a State of Alabama District Judge and the appropriate procedures for Skiles to follow after Judge Bellamy's ruling would have been to appeal the decision through the state courts of appeals or, as apparantly Skiles has done to some degree, take umbrage with Judge Bellamy's actions to the Alabama Judicial Review board.  As set out above, the Court

concludes that Skiles' claims in this action are frivolous because they are "without arguable merit in fact or law," and he has failed to state a claim on which relief may be granted. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such accusations.  That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  It is further

RECOMMENDED that the Defendant's motion to Dismiss (Doc. 9) be GRANTED. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 12, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.   Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

7

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of May, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE